UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

NETEASE.COM, INC.,

        Defendant.

Civil Action No. 06 0342

### CONSENT OF DEFENDANT NETEASE.COM, INC.

1. Defendant NetEase.com, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violating Sections 13(a), 13(b)(2)(A), 13(b)(2)(B) and 13(b)(5) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78m(a), 78m(b)(2)(A), 78m(b)(2)(B), and 78m(b)(5)] and Rules 12b-20, 13a-16 and 13b2-1 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-16, and 240.13b2-1].

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

3

pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

NetEase.com, Inc.

By: _____
Name: LEE TING BUN DENNY
Title: CFO
Address: 1901 ORIENTAL PLAZA E3,
1 EAST CHANG AN AVE. BEIJING
PRC   ZIP: 100738

On May 2[ ], 2005 Lee, Ting Bun Denny, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of NetEase.com, Inc. as its _____.

_____
Notary Public          Vlad Lipschutz
Commission expires:    Vice Consul

PRESIDENTIAL COMMISSIONS DO NOT EXPIRE

Approved as to form:

_____
David B. Bayless, Esq.
Morrison & Foerster L.L.P.
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
Attorney for Defendant

5

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

NetEase.com, Inc.

By: *(signature)*
Name: LEE TING BUN DENNY
Title: CFO
Address: 1901 ORIENTAL PLAZA E3.
1 EAST CHANG AN AVE. BEIJING
PRC  ZIP: 100738

On May 31, 2005 Lee, Ting Bun Denny, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of NetEase.com, Inc. as its _____.

*(signature)*
Notary Public                     Vlad Lipschutz,
Commission expires:               Vice Consul

PRESIDENTIAL COMMISSIONS DO NOT EXPIRE

Approved as to form:

*(signature)*
David B. Bayless, Esq.
Morrison & Foerster L.L.P.
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
Attorney for Defendant

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, : <br><br> Plaintiff, : <br><br> v. : <br><br> NETEASE.COM, INC., : <br><br> Defendant. : | Civil Action No. **06 0342** |

### FINAL JUDGMENT AS TO DEFENDANT NETEASE.COM, INC.

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing its Complaint, and Defendant NetEase.com, Inc. ("Defendant"), having in the Consent of Defendant NetEase.com, Inc. ("Consent") entered a general appearance herein, admitted the jurisdiction of this Court over it and over the subject matter of this action, acknowledged service of process, waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, waived any right it might have to appeal from the entry of this Final Judgment, and, without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, which it admits, and without trial, argument, or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment, and it appearing that this Court has jurisdiction over Defendant and the subject matter of this action, and the Court being fully advised in the premises:

### I.

IT IS ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them

who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-16 [17 C.F.R. §§ 240.12b-20, 240.13a-16] thereunder, by failing to file annual and periodic reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulations S-K and S-X, or by failing to include such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to

devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1) transactions are executed in accordance with management's general or specific authorization;

(2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (b) to maintain accountability for assets;

(3) access to assets is permitted only in accordance with management's general or specific authorization; and

(4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys-in-fact, and all those persons in active concert or participation with them who receive actual notice of the Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account.

## V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, its agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1] by, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2006

                                                                 UNITED STATES DISTRICT JUDGE